## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **CONSTANTINO CUARA RODRIGUEZ aka CONSTANTINO CUARA R.,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | **Case Nos.** |
| | **2:23-cv-00438-RJS-JCB** |
| | **2:23-cv-00451-RJS-JCB** |
| **v.** | **2:23-cv-00452-RJS-JCB** |
| | **2:23-cv-00453-RJS-JCB** |
| **ROCKY MOUNTAIN POWER, et al.,** | **2:23-cv-00454-RJS-JCB** |
| | **2:23-cv-00524-RJS-JCB** |
| **Defendants.** | **2:23-cv-00542-RJS-JCB** |
| | **2:23-cv-00543-RJS-JCB** |
| | **2:23-cv-00544-RJS-JCB** |
| | **2:23-cv-00545-RJS-JCB** |
| | **2:23-cv-00546-RJS-JCB** |
| | **2:23-cv-00547-RJS-JCB** |
| | **2:23-cv-00563-RJS-JCB** |
| | **2:23-cv-00564-RJS-JCB** |
| | **2:23-cv-00565-RJS-JCB** |
| | **2:23-cv-00566-RJS-JCB** |
| | **2:23-cv-00567-RJS-JCB** |
| | **2:23-cv-00568-RJS-JCB** |
| | **2:23-cv-00572-RJS-JCB** |
| | **2:23-cv-00573-RJS-JCB** |
| | **2:23-cv-00574-RJS-JCB** |
| | **2:23-cv-00575-RJS-JCB** |
| | **2:23-cv-00576-RJS-JCB** |
| | **2:23-cv-00579-RJS-JCB** |
| | **2:23-cv-00581-RJS-JCB** |
| | **2:23-cv-00582-RJS-JCB** |
| | **2:23-cv-00583-RJS-JCB** |
| | **2:23-cv-00585-RJS-JCB** |
| | **2:23-cv-00586-RJS-JCB** |
| | **2:23-cv-00596-RJS-JCB** |
| | **2:23-cv-00604-RJS-JCB** |
| | **2:23-cv-00607-RJS-JCB** |
| | **2:23-cv-00608-RJS-JCB** |
| | **2:23-cv-00609-RJS-JCB** |

|   | **2:23-cv-00621-RJS-JCB** |
|---|---|
|   | **2:23-cv-00636-RJS-JCB** |
|   | **2:23-cv-00637-RJS-JCB** |
|   | **2:23-cv-00638-RJS-JCB** |
|   | **2:23-cv-00639-RJS-JCB** |
|   | **2:23-cv-00640-RJS-JCB** |
|   | **2:23-cv-00641-RJS-JCB** |
|   | **2:23-cv-00648-RJS-JCB** |
|   | **2:23-cv-00649-RJS-JCB** |
|   | **2:23-cv-00650-RJS-JCB** |
|   | **2:23-cv-00651-RJS-JCB** |
|   | **2:23-cv-00667-RJS-JCB** |
|   | **2:23-cv-00668-RJS-JCB** |
|   | **2:23-cv-00669-RJS-JCB** |
|   | **2:23-cv-00670-RJS-JCB** |
|   | **2:23-cv-00692-RJS-JCB** |
|   | **2:23-cv-00693-RJS-JCB** |
|   | **2:23-cv-00694-RJS-JCB** |
|   | **2:23-cv-00709-RJS-JCB** |
|   | **2:23-cv-00710-RJS-JCB** |
|   | **2:23-cv-00711-RJS-JCB** |
|   | **2:23-cv-00712-RJS-JCB** |
|   | **2:23-cv-00760-RJS-JCB** |
|   | **2:23-cv-00761-RJS-JCB** |
|   | **2:23-cv-00762-RJS-JCB** |
|   | **2:23-cv-00763-RJS-JCB** |
|   | **2:23-cv-00764-RJS-JCB** |
|   | **2:23-cv-00815-RJS-JCB** |
|   | **Chief District Judge Robert J. Shelby** |
|   | **Magistrate Judge Jared C. Bennett** |

All the cases in the caption above[1] are referred to Magistrate Judge Jared C. Bennett

under 28 U.S.C. § 636(b)(1)(B). Based upon the analysis set forth below, the court recommends:

---

[1] Pro se Plaintiff Constantino Cuara Rodriguez aka Constantino Cuara R. ("Mr. Cuara Rodriguez") has named numerous defendants in each of these cases, including religious organizations, private business entities, and federal and state governmental entities. For ease of

(1) Mr. Cuara Rodriguez's pending motions to proceed in forma pauperis ("IFP") be denied and his IFP status be revoked in the cases in the caption above in which he has been permitted to proceed IFP; (2) the cases in the caption above be dismissed with prejudice under the authority of 28 U.S.C. § 1915(e)(2) ("IFP Statute"); and (3) Mr. Cuara Rodriguez be designated as a restricted filer in this district.

**BACKGROUND**

Mr. Cuara Rodriguez filed his first case in this district in December 2022,[2] in which he was permitted to proceed IFP.[3] In his complaint—purportedly brought under 42 U.S.C. §§ 1983 and 1985—he alleged that he was "the owner of all trademarks of United States in global network under sha '256' finger[]print secret seal of the United States of America."[4] Although his complaint is difficult to decipher, he appeared to assert that the named defendants violated certain statutes in contravention of his purported ownership of all United States trademarks. That case was promptly dismissed as frivolous and for failing to state claims upon which relief can be granted.[5]

---

reference in the caption, the court includes only the first defendant named in the first pending case but identifies each case number in which this Report and Recommendation is filed.

[2] *Cuara Rodriguez v. LDS Church*, No. 2:22-cv-00769-RJS.

[3] *Id.*, ECF No. 7.

[4] *Id.*, ECF No. 8 at 3.

[5] *Id.*, ECF Nos. 10-11.

After a brief respite, Mr. Cuara Rodriguez began initiating cases in this district at an alarming rate. From July 6, 2023, to November 7, 2023, Mr. Cuara Rodriguez initiated 68 cases.[6] Although his subsequent civil rights complaints are equally as difficult to decipher as his first complaint, Mr. Cuara Rodriguez makes substantially the same allegations in 62 of those complaints (which are the subject of this Report and Recommendation) that he made in his first complaint—namely, in various iterations, he asserts that: (1) he is the owner of all United States trademarks, United States lands, United States bank systems, federal and state entities, oceans, and the Latin Catholic Church in the "global network" under what he refers to as the "sha 256 fingerprint"; and (2) that the named defendants have violated certain listed statutes in contravention of that purported ownership.[7]

---

[6] During that same time frame, two cases that Mr. Cuara Rodruiguez filed in state court were removed to this court. *Cuara R. v. Synchrony Bank*, No. 2:23-cv-00490-RJS-JCB; *Cuara Rodriguez v. Rocky Mountain Power*, No. 2:23-cv-00489-RJS-JCB.

[7] *Cuara R. v. Utah Dep't of Nat. Res. (DNR)*, No. 2:23-cv-00815-RJS-JCB, ECF No. 2; *Cuara R. v. Pfizer Inc.*, No. 2:23-cv-00764-RJS-JCB, ECF No. 2; *Cuara R. v. Rocky Mtn. Water Co.*, No. 2:23-cv-00763-RJS-JCB, ECF No. 2; *Cuara R. v. Deans*, No. 2:23-cv-00762-RJS-JCB, ECF No. 2; *Cuara R. v. Bureau of Land Mgmt. (BLM)*, No. 2:23-cv-00761-RJS-JCB, ECF No. 2; *Cuara R. v. Sader Agricultura MX*, No. 2:23-cv-00760-RJS-JCB, ECF No. 2; *Cuara R. v. Jenkins*, No. 2:23-cv-00712-RJS-JCB, ECF No. 2; *Cuara R. v. Bureau of Ocean Energy*, No. 2:23-cv-00711-RJS-JCB, ECF No. 2; *Cuara R. v. UDOT*, No. 2:23-cv-00710-RJS-JCB, ECF No. 2; *Cuara R. v. Stowell Krayk & Brown PLLC*, No. 2:23-cv-00709-RJS-JCB, ECF No. 2; *Cuara R. v. DolEx Dollar Express*, No. 2:23-cv-00694-RJS-JCB, ECF No. 2; *Cuara R. v. Utah Tr. Lands Admin.*, No. 2:23-cv-00693-RJS-JCB, ECF No. 2; *Cuara R. v. USAA Ins., Banking, & Ret.*, No. 2:23-cv-00692-RJS-JCB, ECF No. 2; *Cuara R. v. N. Point Indus.*, No. 2:23-cv-00670-RJS-JCB, ECF No. 2; *Cuara R. v. Cayman National Bank*, No. 2:23-cv-00669-RJS-JCB, ECF No. 2; *Cuara R. v. HUD Mortgs. Ins.*, No. 2:23-cv-00668-RJS-JCB, ECF No. 2; *Cuara R. v. Bristol W. Ins.*, No. 2:23-cv-00667-RJS-JCB, ECF No. 2; *Cuara R. v. Post Dist. Residences*, No. 2:23-cv-00651-RJS-JCB, ECF No. 2; *Cuara R. v. Huntington*, No. 2:23-cv-00650-RJS-JCB, ECF No. 2; *Cuara R. v. Nestle USA*, No. 2:23-cv-00649-RJS-JCB, ECF No. 2; *Cuara R. v. Weber State Univ.*, No. 2:23-cv-00648-RJS-JCB, ECF No. 2; *Cuara R. v. Venafi*, No. 2:23-cv-00641-RJS-JCB, ECF No. 5; *Cuara R. v. Utah Office of State Treasurer*, No. 2:23-cv-00640-RJS-JCB, ECF No. 5; *Cuara*

In addition to his first case discussed above, several of Mr. Cuara Rodriguez's cases have been dismissed as frivolous, for failure to state claims upon which relief can be granted, and for lack of jurisdiction.[8] In numerous other cases, Mr. Cuara Rodriguez has been provided with the

*R. v. Eosfitness*, No. 2:23-cv-00639-RJS-JCB, ECF No. 5; *Cuara R. v. Associated Food Stores, Inc.*, No. 2:23-cv-00638-RJS-JCB, ECF No. 5; *Cuara R. v. Daybreak Utah Homes*, No. 2:23-cv-00637-RJS-JCB, ECF No. 5; *Cuara R. v. Intermountain Med. Ctr.*, No. 2:23-cv-00636-RJS-JCB, ECF No. 5; *Cuara R. v. Hart*, No. 2:23-cv-00621-RJS-JCB, ECF No. 5; *Cuara R. v. SLC Bldg. Permits*, No. 2:23-cv-00609-RJS-JCB, ECF No. 5; *Cuara R. v. Google Alphabet Inc.*, No. 2:23-cv-00608-RJS-JCB, ECF No. 5; *Cuara R. v. Union Pac. R.R.*, No. 2:23-cv-00607-RJS-JCB, ECF No. 5; *Cuara R. v. Consol. Edison Inc.*, No. 2:23-cv-00604-RJS-JCB, ECF No. 4; *Cuara R. v. Satellite Control Network (SCN)*, No. 2:23-cv-00596-RJS-JCB, ECF No. 5; *Cuara R. v. Little Am. Hotels*, No. 2:23-cv-00586-RJS-JCB, ECF No. 5; *Cuara R. v. Caesars Palace*, No. 2:23-cv-00585-RJS-JCB, ECF No. 5; *Cuara R. v. Bonneville Int'l Corp.*, No. 2:23-cv-00583-RJS-JCB, ECF No. 5; *Cuara R. v. Mountain W. Timber*, No. 2:23-cv-00582-RJS-JCB, ECF No. 5; *Cuara R. v. Mojave Gold*, No. 2:23-cv-00581-RJS-JCB, ECF No. 5; *Cuara R. v. Maverik Inc.*, No. 2:23-cv-00579-RJS-JCB, ECF No. 5; *Cuara R. v. Maverik Ctr.*, No. 2:23-cv-00576-RJS-JCB, ECF No. 4; *Cuara R. v. Deer Valley Resort*, No. 2:23-cv-00575-RJS-JCB, ECF No. 5; *Cuara R. v. Mark Miller Toyota*, No. 2:23-cv-00574-RJS-JCB, ECF No. 5; *Cuara R. v. Flannery & Assocs. LLC*, No. 2:23-cv-00573-RJS-JCB, ECF No. 5; *Cuara R. v. Lagoon*, No. 2:23-cv-00572-RJS-JCB, ECF No. 5; *Cuara R. v. Atl. Legal Found. (ALF)*, No. 2:23-cv-00568-RJS-JCB, ECF No. 5; *Cuara R. v. KID Kearns Improvement Dist.*, No. 2:23-cv-00567-RJS-JCB, ECF No. 5; *Cuara R. v. Diocesis Roman Catholic*, No. 2:23-cv-00566-RJS-JCB, ECF No. 5; *Cuara R. v. Wiseguys Comedy Clubs*, No. 2:23-cv-00565-RJS-JCB, ECF No. 5; *Cuara R. v. Utah Div. of Real Est.*, No. 2:23-cv-00564-RJS-JCB, ECF No. 5; *Cuara R. v. ZCMI Ctr. Mall*, No. 2:23-cv-00563-RJS-JCB, ECF No. 5; *Cuara R. v. U.S. Customs & Border Prot.*, No. 2:23-cv-00547-RJS-JCB, ECF No. 5; *Cuara R. v. Kennecott-Rio Tinto*, No. 2:23-cv-00546-RJS-JCB, ECF No. 5; *Cuara R. v. Tooele Army Depot*, No. 2:23-cv-00545-RJS-JCB, ECF No. 5; *Cuara R. v. Colliers Int'l*, No. 2:23-cv-00544-RJS-JCB, ECF No. 5; *Cuara R. v. Vanguard Grp. Inc.*, No. 2:23-cv-00543-RJS-JCB, ECF No. 4; *Cuara R. v. IRS*, No. 2:23-cv-00542-RJS-JCB, ECF No. 5; *Cuara R. v. SLC Justice Court*, No. 2:23-cv-00524-RJS-JCB, ECF No. 5; *Cuara Rodriguez v. Walmart Corp.*, No. 2:23-cv-00454-RJS-JCB, ECF No. 5; *Cuara Rodriguez v. Progressive Corp.*, No. 2:23-cv-00453-RJS-JCB, ECF No. 5; *Cuara Rodriguez v. Allied Bldg. Prods. Corp.*, No. 2:23-cv-00452-RJS-JCB, ECF No. 4; *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 5; *Cuara Rodriguez v. Rocky Mountain Power*, 2:23-cv-00438-RJS-JCB, ECF No. 5.

[8] *Cuara R. v. Pentagon*, No. 2:23-cv-00525-DBB, ECF No. 9-10 (dismissing case with prejudice as frivolous and for failure to state claims upon which relief can be granted); *Cuara R. v. Salt Lake Cnty. Just. Ct.*, No. 2:23-cv-00513-HCN, ECF No. 9-10 (dismissing case without prejudice as frivolous and for failure to state claims upon which relief can be granted); *Cuara Rodriguez v.*

opportunity to amend his complaints because the complaints fail to state claims upon which

relief can be granted.[9] Mr. Cuara Rodriguez has not availed himself of that opportunity in any of

those cases.

---

*Verizons*, No. 2:23-cv-00439-DBB, ECF No. 8-9 (dismissing case with prejudice as frivolous and for failure to state claims upon which relief can be granted); *Cuara Rodriguez v. Third Jud. Dist. Ct. Cnty.*, No. 2:23-cv-00437-RJS, ECF No. 8-9 (dismissing case with prejudice for failure to state claims upon which relief can be granted); *Cuara Rodriguez v. Am. Express Nat'l Bank*, No. 2:23-cv-00429-DAO, ECF No. 10-11 (dismissing case without prejudice for lack of jurisdiction and for failure to state claims upon which relief can be granted).

[9] *Cuara R. v. Cosol. Edison Inc.*, No. 2:23-cv-00604-RJS-JCB, ECF No. 6; *Cuara R. v. Satellite Control Network (SCN)*, No. 2:23-cv-00596-RJS-JCB, ECF No. 6; *Cuara R. v. Caesars Palace*, No. 2:23-cv-00585-RJS-JCB, ECF No. 6; *Cuara R. v. Bonneville Int'l*, No. 2:23-cv-00583-RJS-JCB, ECF No. 6; *Cuara R. v. Lagoon*, No. 2:23-cv-00572-RJS-JCB, ECF No. 6; *Cuara R. v. Atl. Legal Found. (ALF)*, No. 2:23-cv-00568-RJS-JCB, ECF No. 6; *Cuara R. v. Utah Div. of Real Est.*, No. 2:23-cv-00564-RJS-JCB, ECF No. 6; *Cuara R. v. U.S. Customs & Border Prot.*, No. 2:23-cv-00547-RJS-JCB, ECF No. 7; *Cuara Rodriguez v. Progressive Corp.*, No. 2:23-cv-00453-RJS-JCB, ECF No. 7; *Cuara Rodriguez v. Allied Bldg. Prods. Corp.*, No. 2:23-cv-00452-RJS-JCB, ECF No. 7; *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 9; *Cuara Rodriguez v. Am. Express Nat'l Bank*, No. 2:23-cv-00429-DAO, ECF No. 8.

In each case he has originated in this district, Mr. Cuara Rodriguez has moved to proceed

IFP. The court has granted some of those motions,[10] while others remain pending.[11] In each of

---

[10] *Cuara R. v. Venafi*, No. 2:23-cv-00641-RJS-JCB, ECF No. 4; *Cuara R. v. Utah Office of State Treasurer*, No. 2:23-cv-00640-RJS-JCB, ECF No. 4; *Cuara R. v. Eosfitness*, No. 2:23-cv-00639-RJS-JCB, ECF No. 4; *Cuara R. v. Associated Food Stores, Inc.*, No. 2:23-cv-00638-RJS-JCB, ECF No. 4; *Cuara R. v. Daybreak Utah Homes*, No. 2:23-cv-00637-RJS-JCB, ECF No. 4; *Cuara R. v. Intermountain Med. Ctr.*, No. 2:23-cv-00636-RJS-JCB, ECF No. 4; *Cuara R. v. Hart*, No. 2:23-cv-00621-RJS-JCB, ECF No. 4; *Cuara R. v. SLC Bldg. Permits*, No. 2:23-cv-00609-RJS-JCB, ECF No. 4; *Cuara R. v. Google Alphabet Inc.*, No. 2:23-cv-00608-RJS-JCB, ECF No. 4; *Cuara R. v. Union Pac. R.R.*, No. 2:23-cv-00607-RJS-JCB, ECF No. 4; *Cuara R. v. Consol. Edison Inc.*, No. 2:23-cv-00604-RJS-JCB, ECF No. 3; *Cuara R. v. Satellite Control Network (SCN)*, No. 2:23-cv-00596-RJS-JCB, ECF No. 4; *Cuara R. v. Little Am. Hotels*, No. 2:23-cv-00586-RJS-JCB, ECF No. 4; *Cuara R. v. Caesars Palace*, No. 2:23-cv-00585-RJS-JCB, ECF No. 4; *Cuara R. v. Bonneville Int'l Corp.*, No. 2:23-cv-00583-RJS-JCB, ECF No. 4; *Cuara R. v. Mountain W. Timber*, No. 2:23-cv-00582-RJS-JCB, ECF No. 4; *Cuara R. v. Mojave Gold*, No. 2:23-cv-00581-RJS-JCB, ECF No. 4; *Cuara R. v. Maverik Inc.*, No. 2:23-cv-00579-RJS-JCB, ECF No. 4; *Cuara R. v. Maverik Ctr.*, No. 2:23-cv-00576-RJS-JCB, ECF No. 3; *Cuara R. v. Deer Valley Resort*, No. 2:23-cv-00575-RJS-JCB, ECF No. 4; *Cuara R. v. Mark Miller Toyota*, No. 2:23-cv-00574-RJS-JCB, ECF No. 4; *Cuara R. v. Flannery & Assocs. LLC*, No. 2:23-cv-00573-RJS-JCB, ECF No. 4; *Cuara R. v. Lagoon*, No. 2:23-cv-00572-RJS-JCB, ECF No. 4; *Cuara R. v. Atl. Legal Found. (ALF)*, No. 2:23-cv-00568-RJS-JCB, ECF No. 4; *Cuara R. v. KID Kearns Improvement Dist.*, No. 2:23-cv-00567-RJS-JCB, ECF No. 4; *Cuara R. v. Diocesis Roman Catholic*, No. 2:23-cv-00566-RJS-JCB, ECF No. 4; *Cuara R. v. Wiseguys Comedy Clubs*, No. 2:23-cv-00565-RJS-JCB, ECF No. 4; *Cuara R. v. Utah Div. of Real Est.*, No. 2:23-cv-00564-RJS-JCB, ECF No. 4; *Cuara R. v. ZCMI Ctr. Mall*, No. 2:23-cv-00563-RJS-JCB, ECF No. 4; *Cuara R. v. U.S. Customs & Border Prot.*, No. 2:23-cv-00547-RJS-JCB, ECF No. 4; *Cuara R. v. Kennecott-Rio Tinto*, No. 2:23-cv-00546-RJS-JCB, ECF No. 4; *Cuara R. v. Tooele Army Depot*, No. 2:23-cv-00545-RJS-JCB, ECF No. 4; *Cuara R. v. Colliers Int'l*, No. 2:23-cv-00544-RJS-JCB, ECF No. 4; *Cuara R. v. Vanguard Grp. Inc.*, No. 2:23-cv-00543-RJS-JCB, ECF No. 3; *Cuara R. v. IRS*, No. 2:23-cv-00542-RJS-JCB, ECF No. 4; *Cuara R. v. SLC Justice Court*, No. 2:23-cv-00524-RJS-JCB, ECF No. 4; *Cuara Rodriguez v. Walmart Corp.*, No. 2:23-cv-00454-RJS-JCB, ECF No. 4; *Cuara Rodriguez v. Progressive Corp.*, No. 2:23-cv-00453-RJS-JCB, ECF No. 4; *Cuara Rodriguez v. Allied Bldg. Prods. Corp.*, No. 2:23-cv-00452-RJS-JCB, ECF No. 3; *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 4; *Cuara Rodriguez v. Rocky Mountain Power*, 2:23-cv-00438-RJS-JCB, ECF No. 4.

[11] *Cuara R. v. Utah Dep't of Nat. Res. (DNR)*, No. 2:23-cv-00815-RJS-JCB, ECF No. 1; *Cuara R. v. Pfizer Inc.*, No. 2:23-cv-00764-RJS-JCB, ECF No. 1; *Cuara R. v. Rocky Mtn. Water Co.*, No. 2:23-cv-00763-RJS-JCB, ECF No. 1; *Cuara R. v. Deans*, No. 2:23-cv-00762-RJS-JCB, ECF No. 1; *Cuara R. v. Bureau of Land Mgmt. (BLM)*, No. 2:23-cv-00761-RJS-JCB, ECF No. 1;

the IFP motions he has filed, Mr. Cuara Rodriguez indicates that he does not receive any

government financial assistance, yet he indicates that he is not employed and has no income or

assets of any kind.[12] Additionally, the section of each of his motions explaining "other

information that will help explain why [he] cannot pay the costs of these proceedings" simply

states that such information is under "secret seal" of the United States of America.[13] At the same

time, and for reasons unknown to the court, Mr. Cuara Rodriguez has attached to all but one of

his complaints an investment account confirmation that indicates: (1) he is employed by the

California government; (2) he has an individual brokerage account and a money market account;

and (3) his liquid net worth is $1,000,000 or above.[14] Importantly, Mr. Cuara Rodriguez signed a

declaration under penalty of perjury at the end of each of his IFP motions, in which he declared

---

*Cuara R. v. Sader Agricultura MX*, No. 2:23-cv-00760-RJS-JCB, ECF No. 1; *Cuara R. v. Jenkins*, No. 2:23-cv-00712-RJS-JCB, ECF No. 1; *Cuara R. v. Bureau of Ocean Energy*, No. 2:23-cv-00711-RJS-JCB, ECF No. 1; *Cuara R. v. UDOT*, No. 2:23-cv-00710-RJS-JCB, ECF No. 1; *Cuara R. v. Stowell Krayk & Brown PLLC*, No. 2:23-cv-00709-RJS-JCB, ECF No. 1; *Cuara R. v. DolEx Dollar Express*, No. 2:23-cv-00694-RJS-JCB, ECF No. 1; *Cuara R. v. Utah Tr. Lands Admin.*, No. 2:23-cv-00693-RJS-JCB, ECF No. 1; *Cuara R. v. USAA Ins., Banking, & Ret.*, No. 2:23-cv-00692-RJS-JCB, ECF No. 1; *Cuara R. v. N. Point Indus.*, No. 2:23-cv-00670-RJS-JCB, ECF No. 1; *Cuara R. v. Cayman National Bank*, No. 2:23-cv-00669-RJS-JCB, ECF No. 1; *Cuara R. v. HUD Mortgs. Ins.*, No. 2:23-cv-00668-RJS-JCB, ECF No. 1; *Cuara R. v. Bristol W. Ins.*, No. 2:23-cv-00667-RJS-JCB, ECF No. 1; *Cuara R. v. Post Dist. Residences*, No. 2:23-cv-00651-RJS-JCB, ECF No. 1; *Cuara R. v. Huntington*, No. 2:23-cv-00650-RJS-JCB, ECF No. 1; *Cuara R. v. Nestle USA*, No. 2:23-cv-00649-RJS-JCB, ECF No. 1; *Cuara R. v. Weber State Univ.*, No. 2:23-cv-00648-RJS-JCB, ECF No. 1.

[12] *See, e.g.*, *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 1 at 1-5.

[13] *See, e.g.*, *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 1 at 6.

[14] *See, e.g.*, *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 5-1.

that the information provided in the motion was true and acknowledged that any false statement in the motion could result in dismissal of his case.[15]

## ANALYSIS

Based upon the following analysis, the court recommends: (I) Mr. Cuara Rodriguez's pending IFP motions be denied and his IFP status be revoked in the cases in the caption above in which he has been permitted to proceed IFP; (II) the cases in the caption above be dismissed with prejudice under the authority of the IFP Statute; and (III) Mr. Cuara Rodriguez be designated as a restricted filer in this district. Each issue is addressed in order below.

### I.   Mr. Cuara Rodriguez's Pending IFP Motions Should Be Denied and His IFP Status Should Be Revoked.

Mr. Cuara Rodriguez's pending IFP motions should be denied because they fail to demonstrate that he is unable to pay the filing fees.[16] Additionally, Mr. Cuara Rodriguez's IFP status should be revoked in the cases in the caption above in which he has been permitted to proceed IFP because he has abused the privilege to proceed IFP. Under the IFP Statute, the court may authorize a plaintiff to commence a civil case without payment of the filing fee if he submits a motion to proceed IFP that describes his assets and demonstrates a financial inability to pay the filing fee.[17] "The decision to grant or deny [IFP] status under [the IFP Statute] lies within the

---

[15] *See, e.g.*, *Cuara Rodriguez v. Zions Bancorporation*, No. 2:23-cv-00451-RJS-JCB, ECF No. 1 at 6.

[16] In *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), the United States Court of Appeals for the Tenth Circuit held that a magistrate judge has no authority to enter an Order denying a motion to proceed IFP but instead must issue a Report and Recommendation under Fed. R. Civ. P. 72(b). Accordingly, the court issues the instant Report and Recommendation on Mr. Cuara Rodriguez's IFP motions rather than an Order.

[17] 28 U.S.C. § 1915(a)(1); DUCivR 3-2(a)(1); *see also Lister*, 408 F.3d at 1312; *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

sound discretion of the trial court."[18] "[P]roceeding [IFP] in a civil case is a privilege, not a right,"[19] and "[c]ourts have the discretion to revoke that privilege when it no longer serves its goals."[20]

As demonstrated above, Mr. Cuara Rodriguez's pending IFP motions contain allegations that are patently unbelievable and frivolous. Therefore, they are insufficient to demonstrate that he cannot pay the filing fees, and they should be denied. Further, Mr. Cuara Rodriguez's initiation of more than 60 cases—which, as will be shown below, are frivolous and fail to state claims upon which relief can be granted—in a period of four months does not serve the goals of the privilege of proceeding IFP. Accordingly, Mr. Cuara Rodriguez's IFP status should be revoked in the cases in the caption above in which he has been permitted to proceed IFP.

## II.    All the Cases in the Caption Above Should Be Dismissed with Prejudice Under the Authority of the IFP Statute.

Mr. Cuara Rodriguez's cases identified in the caption above should be dismissed with prejudice under the authority of the IFP Statute because: (A) he fails to show that he is unable to pay the filing fees for those cases; (B) his complaints are frivolous; and (C) his complaints fail to state claims upon which relief can be granted. Each ground for dismissal is addressed in order below.

### A.  Mr. Cuara Rodriguez Fails to Show That He Cannot Pay the Filing Fees.

For the same reasons Mr. Cuara Rodriguez's pending IFP motions should be denied, the cases in the caption above should be dismissed under the authority of the IFP Statute because Mr.

---

[18] *Cabrera v. Horgas*, 173 F.3d 863 (Table), 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

[19] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (quotations and citation omitted).

[20] *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996).

Cuara Rodriguez fails to establish that he cannot pay the filing fees for those cases. Under the IFP Statute, the court is required to "dismiss the case *at any time* if the court determines," among other things, that "the allegation of poverty is untrue."[21] Additionally, DUCivR 3-2(b)(1)(A) provides that "[a]*t any time*, *including when reviewing* [*a motion to proceed IFP*], a magistrate judge may recommend dismissal of the action . . . if . . . the allegation of indigence is untrue."[22]

Again, Mr. Cuara Rodriguez's allegations supporting all his IFP motions are both unbelievable and frivolous, which renders the motions inadequate to show that he cannot pay the filing fees. Therefore, all the cases in the caption above should be dismissed with prejudice under the authority of the IFP Statute.[23]

    B.  <u>Mr. Cuara Rodriguez's Complaints Are Frivolous.</u>

The cases identified in the caption above should be dismissed with prejudice under the authority of the IFP Statute because they are frivolous. The IFP Statute requires the court to "dismiss the case *at any time* if the court determines," among other things, that "the action . . . is frivolous or malicious."[24] Additionally, DUCivR 3-2(b)(1)(C) provides that "[a]*t any time*, *including when reviewing* [*a motion to proceed IFP*], a magistrate judge may recommend dismissal of the action . . . if . . . the claims are frivolous or malicious."[25] When considering the

---

[21] 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

[22] DUCivR 3-2(b)(1)(A) (emphasis added).

[23] In arriving at this conclusion, the court does not reach the merits of Mr. Cuara Rodriguez's complaints, which would normally require the court to recommend that his cases be dismissed without prejudice. However, as will be shown below, there are ample reasons to support recommending that Mr. Cuara Rodriguez's cases be dismissed with prejudice.

[24] 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added).

[25] DUCivR 3-2(b)(1)(C) (emphasis added).

term frivolous under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[26] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[27]

Mr. Cuara Rodriguez's complaints in the cases identified in the caption above fall squarely within the second of those two categories. Indeed, as stated above, the basic factual allegation underlying the claims in all his complaints is that he is the owner of all United States trademarks, United States lands, United States bank systems, federal and state entities, oceans, and the Latin Catholic Church in the "global network" under what he refers to as the "sha 256 fingerprint." That allegation easily falls in the category of a "fantastic or delusional scenario[]."[28] Thus, the cases in the caption above should be dismissed with prejudice under the authority of the IFP Statute for being frivolous.

---

[26] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[27] *Id*. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Hall v. Bellmon*, 935 F.2d 1106, 1108-09 (10th Cir. 1991).

[28] *Neitzke*, 490 U.S. at 328.

C.   <u>Mr. Cuara Rodriguez's Complaints Fail to State Claims Upon Which Relief Can Be Granted</u>.

The cases in the caption above should be dismissed with prejudice under the authority of the IFP Statute because Mr. Cuara Rodriguez's complaints fail to state claims upon which relief can be granted. The IFP Statute requires the court to "dismiss the case *at any time* if the court determines," among other things, that "the action . . . fails to state a claim on which relief may be granted."[29] Additionally, DUCivR 3-2(b)(1) provides that "[*a*]*t any time*, *including when reviewing* [*a motion to proceed IFP*], a magistrate judge may recommend dismissal of the action . . . if . . . it fails to state a claim on which relief can be granted."[30]

In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[31] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[32] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[33]

---

[29] 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

[30] DUCivR 3-2(b)(1)(D) (emphasis added).

[31] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[32] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[33] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[34] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[35] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[36] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[37] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[38]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[39] Indeed, "'[d]ismissal of a pro se complaint for failure to state a

---

[34] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[36] *Id.*

[37] *Twombly*, 550 U.S. at 555.

[38] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[39] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[40]

In analyzing Mr. Cuara Rodriguez's complaints for failure to state claims upon which relief can be granted, the court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[41] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[42] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[43] Indeed, as the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[44]

Mr. Cuara Rodriguez's complaints in the cases in the caption above fall well short of stating claims upon which relief can be granted. He purports to bring each of his cases under 42 U.S.C. §§ 1983 and 1985, but he fails to include any well-pleaded factual allegations concerning

---

[40] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[41] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[42] *Id.*

[43] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[44] *Hall*, 935 F.2d at 1110 (citations omitted).

violations of either of those statutory provisions. Indeed, he fails to adequately allege in any of his complaints the deprivation of a federal right by a person acting under color of state law, which is the basic requirement of a claim under section 1983.[45] Additionally, he fails to allege in any of his complaints a conspiracy to interfere with his civil rights, as required to state a claim under section 1985.[46] Instead, as previously indicated, he merely asserts that: (1) he is the owner of all United States trademarks, United States lands, United States bank systems, federal and state entities, oceans, and the Latin Catholic Church in the "global network" under what he refers to as the "sha 256 fingerprint"; and (2) the named defendants have violated certain listed statutes in contravention of that purported ownership. Such allegations are insufficient to satisfy the minimum pleading standards of Rule 8(a)(2), and, therefore, Mr. Cuara Rodriguez's complaints fail to state claims upon which relief can be granted.

Having reached that conclusion, the court again acknowledges that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[47] Given the baseless nature of Mr. Cuara Rodriguez's allegations, providing him with leave to amend any of his complaints would be futile. Consequently, Mr. Cuara Rodriguez's cases identified in the caption above should be dismissed under the authority of the IFP Statute for failure to state claims upon which relief can be granted.

---

[45] 42 U.S.C. § 1983; *Watson v. City of Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[46] 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[47] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

### III.    Mr. Cuara Rodriguez Should Be Designated as a Restricted Filer in This District.

Because Mr. Cuara Rodriguez is a pro se litigant who has abused the judicial process in this district, he should be designated as a restricted filer. "A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[48] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[49] Although "[l]itigiousness alone will not support an injunction restricting filing activities," an injunction is "proper where the litigant's abusive and lengthy history is properly set forth."[50] Once shown, "[e]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved."[51] Any filing restrictions imposed upon a litigant must "provide guidelines as to what the litigant may do to obtain . . . permission to file an action."[52] Further, before imposing filing restrictions, a litigant "is entitled to notice and an opportunity to oppose" the proposed restrictions.[53]

Consistent with those requirements, Mr. Cuara Rodriguez's abusive litigation history meets the requirements for a restricted filer and, therefore, the court proposes appropriate filing

---

[48] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam).

[49] *Id*. at 353 (citations omitted).

[50] *Id*.

[51] *Id*. at 352 (quotations and citations omitted).

[52] *In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008) (alteration in original) (quotations and citation omitted).

[53] *Tripati*, 878 F.2d at 354.

restrictions for Mr. Cuara Rodriguez and notifies him of his right to be heard on that issue. Each topic is addressed in order below.

    A.  <u>Mr. Cuara Rodriguez's Abusive Litigation History Warrants Restricted Filer Status</u>.

    Mr. Cuara Rodriguez has not filed cases in this district seeking to right legal wrongs. Instead, he has filed an outlandish number of frivolous and baseless cases in a short period of time. In turn, that has required the court to waste valuable resources in addressing those cases. The court should not tolerate Mr. Cuara Rodriguez's abusive litigation tactics. Accordingly, the court recommends designating Mr. Cuara Rodriguez as a restricted filer in this district.

    B.  <u>Mr. Cuara Rodriguez Should Be Subjected to Filing Restrictions</u>.

    The court recommends that Mr. Cuara Rodriguez be enjoined from initiating future cases in this district unless he either is represented by a licensed attorney admitted to practice in this district or first obtains court permission to proceed pro se. To obtain court permission to proceed pro se in this district, Mr. Cuara Rodriguez should be required to:

    1.    Pay the full filing fee.

    2.    File a Motion for Leave to File Pro Se Initial Pleading, which must include the following documents as attachments:

        a.    The proposed initial pleading.

        b.    A copy of the court's order imposing filing restrictions.

        c.    A notarized affidavit or declaration, in proper legal form, that:

            i.    recites the claims Mr. Cuara Rodriguez seeks to present, including a short discussion of the legal basis of the claims

and the basis for the court's jurisdiction of the subject
matter and parties;

ii.    certifies that, to the best of Mr. Cuara Rodriguez's
knowledge, his claims are not frivolous or made in bad
faith; his claims are warranted by existing law or have a
good faith argument for the extension, modification, or
reversal of existing law; his new lawsuit is not initiated for
any improper purpose; and he will comply with all
applicable rules, including the Federal Rules of Civil
Procedure and the District of Utah's Local Civil Rules; and

iii.    certifies that, if Mr. Cuara Rodriguez's claims have
previously been raised or he has previously sued the named
defendants, the proposed new suit does not present the
same claims that this or any other court has decided and
explains why the new suit would not be an abuse of the
legal system.

d.    A list, including case name and case number, of Mr. Cuara
Rodriguez's pending and previously filed cases in this court, which
must include a statement indicating the status or disposition of
each case.

e.    A list, including case name and case number, of all outstanding
injunctions, contempt orders, or other judicial directions limiting

Mr. Cuara Rodriguez's access to state or federal courts, including

orders and injunctions requiring him to be represented by an

attorney.

If Mr. Cuara Rodriguez files a Motion for Leave to File Pro Se Initial Pleading, the court

should open a new civil case and file the motion in that case. Any such case should be directly

assigned to the Chief District Judge and referred to a Magistrate Judge under 28 U.S.C.

§ 636(b)(1)(B) for review. If the Magistrate Judge determines that Mr. Cuara Rodriguez's

motion should be granted, the Magistrate Judge should enter an Order indicating that the case

shall proceed in accordance with the Federal Rules of Civil Procedure and the District of Utah's

Local Civil Rules. If the Magistrate Judge determines that Mr. Cuara Rodriguez's motion should

be denied, the Magistrate Judge should issue a Report and Recommendation to the Chief District

Judge. In that instance, the case should be permitted to proceed only with the Chief District

Judge's approval.

   C.   The Court Provides Mr. Cuara Rodriguez with Notice and an Opportunity to be
        Heard.

This Report and Recommendation serves as the required notice to Mr. Cuara Rodriguez

concerning the proposed filing restrictions outlined above.[54] Mr. Cuara Rodriguez's opportunity

to be heard is provided through his ability to file objections to this Report and Recommendation

as indicated below. Mr. Cuara Rodriguez is hereby notified that "[t]he notice and opportunity

requirement does not . . . require an in-person hearing in the district court."[55]

---

[54] *Tripati*, 878 F.2d at 354.

[55] *Id.*

20

RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS:

1.      Mr. Cuara Rodriguez's pending IFP motions[56] be DENIED.

2.      Mr. Cuara Rodriguez's IFP status be revoked in the cases in the caption above in
        which he has been permitted to proceed IFP.

3.      Mr. Cuara Rodriguez's cases identified in the caption above be DISMISSED
        WITH PREJUDICE under the authority of the IFP Statute.

4.      Mr. Cuara Rodriguez be enjoined from initiating future cases in this district unless
        he either is represented by a licensed attorney admitted to practice in this district
        or first obtains court permission to proceed pro se.

5.      To obtain court permission to proceed pro se in this district, Mr. Cuara Rodriguez
        be required to:

        a.      Pay the full filing fee.

---

[56] *Cuara R. v. Utah Dep't of Nat. Res. (DNR)*, No. 2:23-cv-00815-RJS-JCB, ECF No. 1; *Cuara R. v. Pfizer Inc.*, No. 2:23-cv-00764-RJS-JCB, ECF No. 1; *Cuara R. v. Rocky Mtn. Water Co.*, No. 2:23-cv-00763-RJS-JCB, ECF No. 1; *Cuara R. v. Deans*, No. 2:23-cv-00762-RJS-JCB, ECF No. 1; *Cuara R. v. Bureau of Land Mgmt. (BLM)*, No. 2:23-cv-00761-RJS-JCB, ECF No. 1; *Cuara R. v. Sader Agricultura MX*, No. 2:23-cv-00760-RJS-JCB, ECF No. 1; *Cuara R. v. Jenkins*, No. 2:23-cv-00712-RJS-JCB, ECF No. 1; *Cuara R. v. Bureau of Ocean Energy*, No. 2:23-cv-00711-RJS-JCB, ECF No. 1; *Cuara R. v. UDOT*, No. 2:23-cv-00710-RJS-JCB, ECF No. 1; *Cuara R. v. Stowell Krayk & Brown PLLC*, No. 2:23-cv-00709-RJS-JCB, ECF No. 1; *Cuara R. v. DolEx Dollar Express*, No. 2:23-cv-00694-RJS-JCB, ECF No. 1; *Cuara R. v. Utah Tr. Lands Admin.*, No. 2:23-cv-00693-RJS-JCB, ECF No. 1; *Cuara R. v. USAA Ins., Banking, & Ret.*, No. 2:23-cv-00692-RJS-JCB, ECF No. 1; *Cuara R. v. N. Point Indus.*, No. 2:23-cv-00670-RJS-JCB, ECF No. 1; *Cuara R. v. Cayman National Bank*, No. 2:23-cv-00669-RJS-JCB, ECF No. 1; *Cuara R. v. HUD Mortgs. Ins.*, No. 2:23-cv-00668-RJS-JCB, ECF No. 1; *Cuara R. v. Bristol W. Ins.*, No. 2:23-cv-00667-RJS-JCB, ECF No. 1; *Cuara R. v. Post Dist. Residences*, No. 2:23-cv-00651-RJS-JCB, ECF No. 1; *Cuara R. v. Huntington*, No. 2:23-cv-00650-RJS-JCB, ECF No. 1; *Cuara R. v. Nestle USA*, No. 2:23-cv-00649-RJS-JCB, ECF No. 1; *Cuara R. v. Weber State Univ.*, No. 2:23-cv-00648-RJS-JCB, ECF No. 1.

b.     File a Motion for Leave to File Pro Se Initial Pleading, which must include the following documents as attachments:

    i.    The proposed initial pleading.

    ii.    A copy of the court's order imposing filing restrictions.

    iii.    A notarized affidavit or declaration, in proper legal form, that:

        1.    recites the claims Mr. Cuara Rodriguez seeks to present, including a short discussion of the legal basis of the claims and the basis for the court's jurisdiction of the subject matter and parties;

        2.    certifies that, to the best of Mr. Cuara Rodriguez's knowledge, his claims are not frivolous or made in bad faith; his claims are warranted by existing law or have a good faith argument for the extension, modification, or reversal of existing law; his new lawsuit is not initiated for any improper purpose; and he will comply with all applicable rules, including the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules; and

        3.    certifies that, if Mr. Cuara Rodriguez's claims have previously been raised or he has previously sued the named defendants, the proposed new suit does not present the same claims that this or any other court has decided and

> explains why the new suit would not be an abuse of the
> legal system.
>
> iv.      A list, including case name and case number, of Mr. Cuara
> Rodriguez's pending and previously filed cases in this court, which
> must include a statement indicating the status or disposition of
> each case.
>
> v.      A list, including case name and case number, of all outstanding
> injunctions, contempt orders, or other judicial directions limiting
> Mr. Cuara Rodriguez's access to state or federal courts, including
> orders and injunctions requiring him to be represented by an
> attorney.

6. If Mr. Cuara Rodriguez files a Motion for Leave to Initiate New Civil Case and Proceed Pro Se, the court open a new civil case and file the motion in that case.

7. Any such case be directly assigned to the Chief District Judge and referred to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) for review.

8. If the Magistrate Judge determines that Mr. Cuara Rodriguez's motion should be granted, the Magistrate Judge enter an order indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules.

9. If the Magistrate Judge determines that Mr. Cuara Rodriguez's motion should be denied, the Magistrate Judge issue a report and recommendation to the Chief

District Judge. In that instance, the case be permitted to proceed only with the Chief District Judge's approval.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[57] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[58] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 21st day of June 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[57] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[58] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).